**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 97-5020

DENNIS MIMMS, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CR-97-85)

Submitted: June 23, 1998

Decided: July 10, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Mary Lou Newberger,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Lisa A. Green,
Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dennis Mimms, Jr., appeals from the denial of his motion to suppress evidence seized from his vehicle on the ground that the seizure violated his Fourth Amendment rights, and from his sentence imposed after a plea of guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

The evidence at the suppression hearing established that on the afternoon of September 30, 1996, Trooper Craig Stump observed Mimms driving his car on an interstate at what appeared to be an excessive rate of speed. Trooper Stump followed Mimms for several miles, during which time he observed that Mimms had a clear plastic cover over his license plate making the plate harder to read, in violation of West Virginia law, and observed Mimms following too closely behind a tractor-trailer truck, also in violation of West Virginia law. At that time, Trooper Stump pulled Mimms over.

Trooper Stump issued warning citations to Mimms for following too closely and for having an obstructed license plate. Trooper Stump then obtained Mimms' permission to search the vehicle. Trooper Stump informed Mimms that a drug dog would be involved, and Mimms consented to the use of the drug dog.

The first dog to search Mimms' car did not detect any narcotics. Trooper Stump then asked Mimms if he could bring another dog that was trained to find a wider variety of drugs, and Mimms consented to a search by the other dog. While waiting for the second dog to arrive, officers conducted a hand search of the vehicle and found a set of brass knuckles with a knife blade attached in the right front passenger door, and a marijuana cigarette butt in the left rear passenger door. After the second drug dog arrived, it hit on the left front fender of the car, and officers found a ball of what was later identified as 73.6

2

grams of cocaine base in the left front wheel well. Trooper Stump then placed Mimms under arrest.

Mimms moved to suppress the evidence seized from his car on the ground that Trooper Stump lacked probable cause sufficient to justify the initial stop of Mimms' vehicle, thus tainting the evidence seized from the car as a result of the subsequent consent search. The district court denied Mimms' motion to suppress.

Mimms pleaded guilty, reserving the right to challenge the denial of his motion to suppress. Mimms' presentence investigation report (PSR) recommended a two-level upward adjustment to Mimms' offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997), for possession of a dangerous weapon. Mimms objected to the adjustment, contending that it was clearly improbable the knife was connected to the offense. The district court overruled the objection, finding that the knife qualified as a dangerous weapon connected to the offense, and sentenced Mimms to 120 months' imprisonment.

Trooper Stump had probable cause to believe that Mimms was committing several traffic violations, namely following the tractor-trailer too closely and traveling with an obstructed license plate. See W. Va. Code §§ 17A-3-15, 17C-7-10 (1996); Whren v. United States, 517 U.S. 806, 809-12 (1996); United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). Accordingly, Trooper Stump's stop of Mimms' vehicle was permissible under the Fourth Amendment. See Whren, 517 U.S. at 809-13; United States v. Rusher, 966 F.2d 868, 875-76 (4th Cir. 1992). Once Trooper Stump returned Mimms' papers, the encounter became consensual and Mimms was able to consent to the subsequent searches of his car. See United States v. Lattimore, 87 F.3d 647, 652-53 (4th Cir. 1996); United States v. Perrin, 45 F.3d 869, 875 (4th Cir. 1995); Rusher, 966 F.2d at 876-77. The district court thus did not err by denying Mimms' motion to suppress.

Further, because the knife was found in the car in which Mimms was traveling with the cocaine, and was located in the passenger door compartment readily accessible to the driver or to a passenger and within several feet of the cocaine base located in the wheel well, the connection between the knife and the drug offense was not clearly improbable. See United States v. Harris, 128 F.3d 850, 852-53 (4th

3

Cir. 1997); USSG § 2D1.1(b)(1), and comment. (n.3). Finally, the district court did not err in failing to make findings to support the application of the adjustment because no substantial questions were raised regarding whether Mimms possessed the weapon in connection with the drug offense. See Harris, 128 F.3d at 852; United States v. Apple, 915 F.2d 899, 914-15 (4th Cir. 1990). Accordingly, the two-level upward adjustment to Mimms' offense level was not clearly erroneous. See Harris, 128 F.3d at 852; USSG § 2D1.1(b)(1) and comment. (n.3).

We affirm the district court's denial of Mimms' motion to suppress and affirm Mimms' sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED